BARNES, J.,
concurring in part and dissenting in part:
¶ 20. Finding the circuit judge did not err in granting the defendants’ motion for a directed verdict, I respectfully dissent from the majority’s decision to reverse and remand on this issue. I concur with the majority that the court was within its discretion to grant the defendants’ motion in limine in part.
¶21. “[I]f reasonable jurors could not have arrived at a different verdict, the grant of a directed verdict must be affirmed on appeal. On the other hand if there is substantial evidence, that is, evidence of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions, we cannot affirm the grant of a directed verdict.” Forbes v. Gen. Motors Corp., 935 So.2d 869, 872-73 (¶ 3) (Miss.2006) (emphasis added) (citing Cousar v. State, 855 So.2d 993, 998 (¶ 14) (Miss.2003)). Even affording Harris all favorable inferences from the evidence, I disagree with majority’s finding that reasonable minds could differ as to what caused the accident in question. After the plaintiff rested his case, the defense moved for a directed verdict, noting that both Harris and Madden “admitted in sworn testimony that they did not see [Bellsouth’s] vehicle at any point prior to the accident; therefore, it is impossible for either of them to say that [Michaél] did anything that could be construed as negligence.” The testimony supports this argument. At trial, Madden could not state with any certainty what caused the accident.
Q. Do you have any explanation for the accident?
A. Not really.
Q. You don’t know whose fault it was or what happened?
A. Should have been mine. I didn’t see him....
Q. Do you have any answer as to whether he stopped’ at that stop sign?
A. I have no idea.
Q. Okay. But you never saw [Michael]?
A. I never saw him.
Harris also acknowledged during cross-examination that he did not see the Bell-South vehicle before impact; he simply speculated that Michael had sped through the stop sign, stating “I don’t think he stopped.”[3] Michael also testified that Madden admitted fault after the accident, stating that “he just didn’t see me.” He also said Harris came over and said “old buddy [ (Madden) ] just didn’t see me,” but Harris denied talking to Michael after the incident.
¶ 22. The court granted the defendants’ motion, finding that the testimony by Harris and Madden was “nothing more than speculation as to what caused this accident.” Thus, the circuit court concluded *738 that Harris failed to establish liability on the part of the defendants during his casein-chief, noting in its final judgment that “the subjective belief of Plaintiff and/or Mr. Madden as to whether or not the BellSouth vehicle ran the stop sign is not sufficient to establish negligence or causation.” A circuit court’s granting of a motion for a directed verdict is proper “if the plaintiffs evidence is so lacking that reasonable jurors would be unable to reach a verdict in favor of that party.” Fulton v. Robinson Indus. Inc., 664 So.2d 170, 172 (Miss.1995) (citing Tate v. S. Jitney Jungle, 650 So.2d 1347, 1349-50 (Miss.1995)).
¶23. Furthermore, as defense counsel additionally argued at trial, the location of the impact between the vehicles—between the left-front bumper of the Lamar County truck and the rear-right axle of the Bell-South trailer—shows that “it is inescapable that [Michael’s] vehicle occupied and preempted the intersection before [the] plaintiffs truck began to pull through the stop sign[.]” Although the circuit judge did not base his decision to grant the directed verdict on this argument, I find the defense’s claim is supported by undisputed evidence.[4] Logic dictates that had Michael run the stop sign on the north side of the intersection traveling southbound, after the other truck had already begun turning right into the intersection from the west, the impact of the collision would not have been toward the rear of the trailer attached to the back of the BellSouth truck, but rather the impact would have been toward the front of the BellSouth truck itself.
¶ 24. Finding the evidence insufficient to establish any liability on the part of the defendants, I would affirm the circuit court’s judgment.
GRIFFIS, P.J., CARLTON AND WILSON, JJ., JOIN THIS OPINION.

. Photos admitted into evidence show that the intersection was clear of any impediments to a person’s viewing of other vehicles at the intersection (i.e., bushes, trees, etc.). There was also testimony by Michael that the accident happened mid-morning on a sunny day.

. The circuit court did observe in its final judgment that Michael's testimony "is consistent with the physical facts of the accident.” Michael testified that he "came to a complete stop,” and he saw the other truck "approaching the intersection.”